UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Hampden, SS                                   DISTRICT COURT DOCKET
                                              NO.

Donald Paul Benkowski
            Plaintiff

    VS

Commonwealth of Massachusetts, Department of Correction, Commissioner, Carol Mici, and

Commonwealth of Massachusetts, Department of Correction, Commissioner/Designee Jennifer E.

Gaffield, and

Massachusetts Department of Correction, MCI-Cedar Junction, Superintendent, Douglas W. DeMoura,

and

Massachusetts Department of Correction, MCI-Cedar Junction, Superintendent/Designee

Jay L Gallant, and

Massachusetts Department of Correction, MCI-Cedar Junction, Institutional Treasurer, Joyce

Wessel, and

Massachusetts Department of Correction, MCI-Cedar Junction, Institutional Treasurer

Carris Lane, and

Massachusetts Department of Correction, MCI-Cedar Junction, Classification Board

Chairperson - Jennifer Markham, and

Massachusetts Department of Correction, MCI-Cedar Junction, Classification Board,

Correctional Program Officer member Vanessa Rideout, and

Massachusetts Department of Correction, MCI-Cedar Junction, Classification Board,

Security member David Cafarelli, and

Massachusetts Department of Correction, MCI-Concord, Superintendent, Michael

Rodrigues, and

Massachusetts Department of Correction, MCI: Concord, Director of Classification, Lynn Lereau and

Massachusetts Department of Correction, MCI: Concord, Classification Board, Correctional Program Officer member Matthew Heegan and

Massachusetts Department of Correction, MCI: Concord, Classification Board, Security member Officer Larsen and

Massachusetts Department of Correction, MCI: Concord, Classification Board chairperson, Tom Matthey and

Access Correction: Secure Deposits and

Secure Technologies, Inc. and

T.K.C. Holdings, Inc.

Defendants

Plaintiff's Declaration In Support of Plaintiff's Motion For Appointment of Counsel

Donald Paul Renkowicz states;

1) I am the Plaintiff in the above entitled action I make this Declaration In Support of my Motion For This Appointment of Counsel

2) The Complaint in this case alleges that the Plaintiff was subjected to the misuse of the Code of Massachusetts Regulations (Department of Correction) 103 CMR 900.00 seq. series and the policies and procedures of the Department of Correction MCI: Cedar Junction and the Department of Correction, MCI: Concord by several Correctional Officers and public Employee's thereof some of whom actively deprived the Plaintiff of his prisoner rights and others whom watched and failed to intervene and take action to correct them. It alleges that supervisory officials were well aware of the violations by some of the

Correctional Officer and Public Employee's and are liable for failing to take action to correct their. The Plaintiff was subsequently denied due process in the administrative remedies of the grievance procedures, ( 103 cmr 491.00 seq. Department of Correction ), classification procedures ( 103 cmr 420.00 seq. Department of Correction ) by officers who conduct the investigations and the Plaintiff was deprived of the necessities of life ( telephone, commissary, hygiene/cosmetics, mail, etc ) by the Commonwealth of Massachusetts, Department of Correction, Commissioner, Carol Mici, and the MCI-Concord Superintendent, Michael Rodrigues and MCI-Cedar Junction, Superintendent, Douglas W. Demoura and the Public Employee's thereof.

3) This is a complex case because it contains several different legal claims with each claim involving a different set of defendants.

4) The case involves many issues that may require expert testimony.

5) Plaintiff has demanded a jury trial.

6) The case will require discovery of documents and things including depositions of a number of witness(s).

7) The testimony will be in sharp conflict since the Plaintiff alleges that the defendants had deprived him the necessities of life, ( telephone, commissary, hygiene/cosmetics, mail, etc ) and due process, while the defendants assert that they did not deprive the Plaintiff of his civil rights, prisoner rights, United States constitutional rights.

8) The Plaintiff is serving a sentence in a medium security institution due to the defendants violating classification procedures (103 cmr 420.00 seq ) and the Massachusetts Objective Point Base System ( male objective classification operational manual ) for this reason, he has limited access to legal materials, adequate law library and has no ability to do any investigating the facts of the case. For example, by locating and interviewing other inmates who were deprived of their rights.

9) Plaintiff has only a high school equivalent ( G.ED. ) degree and has no legal education.

10) As set forth in the memorandum of law submitted with this motion, these facts, along with the legal merit of Plaintiff's claims support the appointment of counsel to represent the Plaintiff.

20

WHEREFORE: PLAINTIFF's MOTION FOR APPOINTMENT OF COUNSEL SHALL BE GRANTED

PURSUANT TO 28 USC #1746 I declare under THE PAINS and PENALTIES of PERJURY THAT THE FOREGOING
IS TRUE and CORRECT SIGNED THIS 15 day of OCTOBER 2020

Donald P. Benkowitz Pro Se

Donald P. BENKOWITZ

965 Elm St. P.O. Box 9106

Concord Mass 01742

21

TO: UNITED STATES DISTRICT COURT
    CLERK/MAGISTRATE
    300 STATE ST  SUITE 130
    Springfield mass 01105 3820

RE: MOTION

DEAR CLERK/MAGISTRATE,
         PLEASE FIND ENCLOSED PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND CERTIFICATE OF SERVICE AND COULD YOU
PLEASE FILE THESE DOCUMENTS ACCORDINGLY.

         THANK YOU FOR YOUR TIME AND ATTENTION TO THIS MATTER AND I AWAIT FOR YOUR REPLY

DATE: 5-16-20                                         SINCERELY,
      10-15-20                                                          PRO SE

                                              DONALD P RENKOWICZ - W112420
                                              965 Elm St  PO Box 9106
                                              Concord MASS 01742