UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD P. RENKOWICZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-30167-MGM |
| ) | |
| CAROL MICI, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

ROBERTSON, U.S.M.J.

I.  BACKGROUND

On October 27, 2020, plaintiff Donald P. Renkowicz, an inmate at the Massachusetts Correctional Institution at Concord ("MCI-Concord"), filed a *pro se* complaint accompanied by several documents including motions for counsel and production of documents. (Dkt. Nos. 1, 3-7). On November 6, 2020, plaintiff filed a motion for leave to proceed *in forma pauperis*. (Dkt. No. 9).

This action was randomly assigned to District Judge Mark G. Mastroianni. (Dkt. No. 2). On November 11, 2020, the motion for leave to proceed *in forma pauperis* was referred to the undersigned Magistrate Judge. (Dkt. No. 10).   On February 10, 2021, the motion for leave to proceed *in forma pauperis* was denied without prejudice to filing a renewed motion accompanied by his certified prison account statement.  (Dkt. No. 11).

Now before the Court are plaintiff's renewed motion and certified prison account statement.  (Dkt. Nos. 12, 13).  Although plaintiff provided a copy of his prison account statement, he left one question blank on the application.  Plaintiff failed to answer yes or no to Question 3(f).  (Dkt. No. 12).  More importantly, in response to Question 2, plaintiff states that

as of March 1, 2021, he "will be released and then [he] will be on Social Security Income status (SSI)." *Id.*

## II.     DISCUSSION

Here, plaintiff is no longer in custody.  Because he has been released from prison, the court need not consider his prison account statement.  However, the pending motion for leave to proceed *in forma pauperis* is now outdated because it fails to provide information sufficient to make an *in forma pauperis* finding.

Ordinarily, the court would direct plaintiff to supplement his application with information about how his basic life expenses are being paid since his release from custody.  However, plaintiff has not yet informed the Court of his new address.  *See* District of Massachusetts Local Rule 83.5.5(h) (requiring *pro se* litigants to inform the clerk of any change of address within 14 days of the change).  Accordingly, the motion should be denied without prejudice.

## III.     RECOMMENDATION

For the reasons set forth above, this Court RECOMMENDS that plaintiff's motion for leave to proceed *in forma pauperis* be denied.[1]

DATED: March 22, 2021

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[1] The parties are advised that under the provisions of Fed.R.Civ.P. 72(b) or Fed.R.Crim.P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.